

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
~~GULFPORT~~ DIVISION
Southern

| | |
|---|---|
| **PAUL WHITE**, CRAIG BROWN, CHAUNCEY PHILAN, RODERICK HARRIS, GUY LIZANA, ALVIN TURNER, CARLOS THOMPSON, JIMMY VILLAREAL, STEPHEN WARNER, JOHN T. ROGERS, LARRY JOHNSON, AND STEPHANIE MAY<br><br>Plaintiffs,<br><br>v.<br><br>**The NATIONAL OCEANOGRAPHIC OFFICE (NAVOCEANO) a/k/a NAVAL OCEANOGRAPHIC OFFICE**<br>1002 Balch Boulevard<br>Stennis Space Center, MS  39522-5001<br><br>and<br><br>**JOHN DOES 1-10**<br><br>Defendants | No. 1:14CV152HSO-RHW<br><br>*JURY TRIAL DEMANDED* |

## CIVIL COMPLAINT

Paul White, Craig Brown, Chauncey Philan, Roderick Harris, Guy Lizana, Alvin Turner, Carlos Thompson, Jimmy Villareal, Stephen Warner, John T. Rogers, Larry Johnson, and Stephanie May ("hereinafter referred to as "Plaintiffs"), hereby complains as follows against Defendants:

### INTRODUCTION

1. Plaintiffs have initiated the instant action to redress violations by Defendants of the

Fair Labor Standards Act ("FLSA"). Plaintiffs assert that Defendants failed to pay them proper compensation in violation of the FLSA.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 et seq.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Plaintiff Paul White is an adult individual residing at 126 Espana Park, Waveland, MS.

8. Plaintiff Craig Brown is an adult individual residing at 253 North Hill Drive, Carriere MS.

9. Plaintiff Chauncey Philan is an adult individual residing at 10605 Allen Drive, Pass Christian, MS.

10. Plaintiff Roderick Harris is an adult individual residing at 13581 Windrose Cir., Gulfport, MS.

11. Plaintiff Stephen E. Warner is an adult individual residing at 2112 Baywood Drive,

Biloxi, MS.

12.     Plaintiff John T. Rogers is an adult individual residing at 1120 Majolica Road, Salisbury NC.

13.     Plaintiff Jimmy Villarreal is an adult individual residing at 301 N 2nd Street, Bay St. Louis, MS.

14.     Plaintiff Carlos Thompson is an adult individual residing at 14136 White Swan Drive, Gulfport, MS.

15.     Plaintiff Alvin E. Turner is an adult individual residing at 61201 W. Spring Mill Dr., Lacombe LA.

16.     Plaintiff Guy M. Lizana is an adult individual residing at 78 Rayburn Rd., Carriere, MS  39426

17.     Plaintiff Larry Johnson is an adult individual residing at 68211 Diamondhead Drive E., Diamondhead MS.

18.     Plaintiff Stephanie May is an adult individual residing at 6435 Iona Street, Diamondhead MS.

19.     Defendant NAVOCEANO is an agency or corporation of the United States with an address as set forth above, and will be referred to in this Complaint as "Defendant".

20.     Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiffs and other Plaintiffs proper compensation pursuant to the FLSA.

21.     Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiffs and other Plaintiffs.

22.     At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTS

23. The foregoing paragraphs are incorporated herein as in set forth in full.

24. Plaintiff Paul White is currently employed by NAVOCEANO at their location in Stennis Space Center, MS, and has been since beginning on or around January 9, 1983.

25. Plaintiff Craig Brown is currently employed by NAVOCEANO as an electronics technician at the level of GS-12. Plaintiff Brown has been employed since August, 1990.

26. Plaintiff Stephen Warner is currently employed by NAVOCEANO as a Lead Electronics Technician at the level of GS-12. Plaintiff Warner has been employed since June 8, 1997.

27. Plaintiff John T. Rogers is currently employed by NAVOCEANO as an Electronics Technician at the level of GS-12. Plaintiff Warner has been employed since prior to 2005.

28. Plaintiff Jimmy Villarreal is currently employed by NAVOCEANO as an Electronics Technician at the level of GS-12. Plaintiff Villareal has been employed since July 23, 1990.

29. Plaintiff Carlos Thompson is currently employed by NAVOCEANO as an Electronics Technician at the level of GS- 11/12. Plaintiff Thompson has been employed since May 6, 1990.

30. Plaintiff Alvin E. Turner is currently employed by NAVOCEANO as an Electronics Technician at the level of GS-12. Plaintiff Turner has been employed since May 29, 1979.

31. Plaintiff Guy M. Lizana is currently employed by NAVOCEANO as an Electronics Technician at the level of GS-12. Plaintiff Lizana has been employed since March, 1988.

32. Plaintiff Roderick Harris is currently employed by NAVOCEANO as an Electronics Technician at the level of GS-12. Plaintiff Harris has been employed since February 17, 1997.

33. Plaintiff Larry Johnson is currently employed by NAVOCEANO as an Electronics Technician at the level of GS-12. Plaintiff Johnson has been employed since January 5, 1983.

34. Plaintiff Stephanie May is currently employed by NAVOCEANO as an Electronics Technician at the level of GS-12. Plaintiff May has been employed since May, 1990.

35. NAVOCEANO hired the Named Plaintiffs and Plaintiff class members as Electronic Technicians (hereinafter referred to as "ETs").

36. NAVOCEANO permits ETs to advance in government service to the rank of GS-10, while being classified and performing the duties of non-professional, non-exempt employees, not subject to pay cap provisions.

37. However, NAVOCEANO automatically classifies GS-11 and GS-12 employees as professional, exempt employees, who are subject to pay cap provisions. This classification is made solely because of their government service classification, and not in accordance with the FLSA. As such, these employees are not paid overtime at a rate of time and a half, in violation of the FLSA.

38. Named Plaintiff and Plaintiff ETs, who have attained the level of GS-11 and GS12, are improperly classified as exempt employees pursuant to 29 USC § 213, as they are not employed in a bona fide executive, administrative, or professional capacity.

39. ETs provide services, included but not limited to, performing planned and corrective maintenance on survey equipment installed aboard NAVOCEANO survey platforms, providing logistic and technical support for assigned platforms, providing technical leadership, providing support for assigned projects, contributing to the group effort to improve mission support, and having the ability to protect classified information. As such, Named Plaintiffs and Plaintiff's positions cannot be considered exempt.

40. Plaintiffs are also entitled to payment for uncompensated overtime travel, which was made at the request of NAVOCEANO, and for uncompensated hazardous pay which was not paid because of exceeding the pay cap.

## WILLFUL VIOLATIONS

41. On information and belief, Defendants have for more than three years, willingly, deliberately, and intentionally refused to pay according to the provision of the FLSA.

42. Defendants were put on notice of this violation by the labor union representing ETs

at Stennis Space Center, and by ETS at Stennis Space Center as early as 2000.

43. Defendants knew, or should have known, that the Named Plaintiffs and Plaintiffs were entitled to compensation for time actually worked and for time and one-half overtime pay under the FLSA, during all relevant times.

44. As proof of this fact, upon information and belief, Defendants had previously received publication and advice to pay ETs the wages actually earned and to pay time and one-half overtime pay, but failed to do so.

45. As further proof of this fact, when the failure to comply was brought to the attention of the Agency, the response has been that they are very busy dealing with other issues and could not respond due to sequestration and furloughs.

46. As further proof of this fact, the Agency issued the "Point Paper" attached hereto as Exhibit A, wherein the Agency recommended that "....corrections be processed immediately...." This Point Paper was issued on or about October 16, 2013; however, no corrective action has been made, to date.

47. Defendants have, however, willfully, deliberately, and intentionally failed to properly pay Named Plaintiff ETs and Plaintiffs.

48. Defendants have never claimed that the FLSA laws do not apply to Named Plaintiff ETs and Plaintiff ETs.

49. Named Plaintiffs and Plaintiffs are, therefore, owed compensation for time and one-half overtime wages and back wages by Defendants, who willingly and knowingly withheld these wages.

## FIRST CAUSE OF ACTION

## FAIR LABOR STANDARDS ACT

50. The foregoing paragraphs are included herein as though fully set forth herein.

51. Defendants regularly engage in commerce and their employees handle and use goods, which have moved in interstate commerce. Defendant is as Agency of the United States

Government.

52. At all relevant times, Defendants were and are employers within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 USC 201, *et seq.* and are subject to the provisions of such Act.

53. Plaintiffs at all relevant times were employees of Defendants, as defined by the Fair Labor Standards Act of 1938, as amended, 29 USC 201, *et seq.*

54. During the period of time that Plaintiffs were employed by Defendants, they performed work for which they were not compensated, specifically overtime work for which no additional compensation was paid to them by Defendants in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 USC 201, et seq. More specifically, Defendants violated § 7 of the FLSA by failing to pay time and one-half overtime wages to non-exempt employees who earned overtime pay.

55. The Defendant's pay system was unilaterally imposed upon Plaintiffs.

56. The Defendant's failure to compensate Plaintiffs for all compensable hours violates the FLSA and the regulations thereunder.

57. The Defendant's failure to properly administer a scheme of compensation violates the provisions of the FLSA and the regulations thereunder.

58. The Defendant's failure to compensate Named Plaintiffs and Plaintiffs for all compensable hours was a willful and knowing violation of the FLSA.

59. As a result of Defendant's willful and knowing failure to properly compensate Named Plaintiffs and Plaintiffs, these individuals have suffered substantial delays in receipt of wages owed and damages.

60. Pursuant to the Fair Labor Standards Act of 1938, as amended, 29 USC 201, et seq., Defendants owe Plaintiffs compensation for overtime work, an additional equal amount as liquidated damages, together with an additional sum for attorneys' fees and costs.

## SECOND CAUSE OF ACTION

## EQUAL PROTECTION

61. The foregoing paragraphs are included herein as though fully set forth herein.

62. The actions of NAVOCEANO towards the Plaintiff were in violation of the Equal Protection clauses of the Fourteenth and Fifth Amendments of the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek judgment against Defendants as follows:

1. That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiffs;

2. Issue a declaratory judgment that the Defendant's acts, policies, practices and procedures complained of herein violated the Fair Labor Standards Act of 1938, as amended, 29 USC 201, et seq.;

3. That Defendants be enjoined from further violations of the FLSA;

4. That Plaintiffs recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

5. That Plaintiffs recover an award of reasonable attorneys' fees, costs, and expenses;

6. Order the Defendants to make whole Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial, and other affirmative relief;

7. Plaintiffs further pray for such additional relief as the interests of justice may require.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL TRIABLE ISSUES.**

Respectfully Submitted, this the 1st day of April, 2014.

                                                                    PAUL WHITE, CRAIG BROWN
                                                                    CHAUNCEY PHILAN, RODERICK HARRIS
                                                                    GUY LIZANA, ALVIN TURNER
                                                                    CARLOS THOMPSON, JIMMY VILLAREAL
                                                                    STEPHEN WARNER, JOHN T. ROGERS

LARRY JOHNSON, STEPHANIE MAY

BY: *Psonya C. Hackett*
PSONYA C. HACKETT, MSB 99714
Hackett Law Firm
25 Dr. Martin L. King Jr., Ave.
Memphis TN 38103
(901) 244-5002 telephone and fax
phackett@hackettlawfirm.com

9