UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| Paul White et al., | ) | |
| | ) | |
|     Plaintiffs | ) | |
| | ) | Civil Action No.: |
| vs. | ) | |
| | ) | 1:14cv152-HSO-RHW |
| The National Oceanographic Office | ) | |
| (NAVOCEANO) a/k/a Naval | ) | |
| Oceanographic Office, | ) | |
| | ) | |
|     Defendant | ) | |

## Answer to Complaint

Defendant Naval Oceanographic Office (NAVOCEANO), by and through its undersigned attorney, answers the Civil Complaint [1] (Complaint) filed against it in the above-captioned action as follows:

### Defenses

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Court lacks subject-matter jurisdiction over Plaintiffs' Equal Protection claim.

3. Plaintiffs' claims should be dismissed to the extent they do not comply with the applicable statute of limitations set forth in 29 U.S.C. § 255(a).

4. Plaintiffs' claims should be dismissed to the extent Plaintiffs are exempted from the Fair Labor Standards Act pursuant to 29 U.S.C. § 213(a).

5. Plaintiffs are not entitled to a jury trial of their claims, and their request for such should therefore be stricken.

## Answer

NAVOCEANO responds to the specific allegations contained in the Complaint, utilizing the same paragraph numbers, as follows:

1. Paragraph 1 contains conclusions of law and not averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 1.

2. NAVOCEANO adopts by reference its defenses, admissions, denials, and other responses set forth hereinabove in response to paragraph 2.

3. Paragraph 3 contains conclusions of law and not averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 3.

4. Paragraph 4 contains conclusions of law and not averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 3.

5. Paragraph 5 contains conclusions of law and not averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 5.

6. NAVOCEANO adopts by reference its defenses, admissions, denials, and other responses set forth hereinabove in response to paragraph 6.

7. NAVOCEANO admits Paul White is a resident of the State of Mississippi. NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7.

8. NAVOCEANO admits Craig Brown is a resident of the State of Mississippi. NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8.

9. NAVOCEANO admits Chauncey Philan is a resident of the State of Mississippi. NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9.

10. NAVOCEANO admits Roderick Harris is a resident of the State of Mississippi. NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10.

11. NAVOCEANO admits Stephen E. Warner is a resident of the State of Mississippi. NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11.

12. NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. NAVOCEANO admits Jimmy Villarreal is a resident of the State of Mississippi. NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13.

14. NAVOCEANO admits Carlos Thompson is a resident of the State of Mississippi. NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14.

15. NAVOCEANO admits Alvin E. Turner is a resident of the State of Mississippi. NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15.

16. NAVOCEANO admits Guy M. Lizana is a resident of the State of Mississippi. NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16.

17. NAVOCEANO admits Larry Johnson is a resident of the State of Mississippi. NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17.

18. NAVOCEANO admits Stephanie May is a resident of the State of Mississippi. NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18.

19. NAVOCEANO admits the allegations contained in paragraph 19.

20. NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph, which include conclusions of law and Plaintiffs' characterization of their claims to which no answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements and/or factual allegations contained in paragraph 20.

21. NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph, which include conclusions of law and Plaintiffs' characterization of their claims to which no answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements and/or factual allegations contained in paragraph 21.

22. NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph, which include conclusions of law and Plaintiffs' characterization of their claims to which no answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements and/or factual allegations contained in paragraph 22.

23. NAVOCEANO adopts by reference its defenses, admissions, denials, and other responses set forth hereinabove in response to paragraph 23.

24. NAVOCEANO admits Paul White is employed by it at its location at Stennis Space Center, Mississippi. NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24.

25. NAVOCEANO admits the allegations contained in the first sentence of paragraph 25. NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25.

26. NAVOCEANO admits the allegations contained in the first sentence of paragraph 26.  NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26.

27. NAVOCEANO admits the allegations contained in the first sentence of paragraph 27.  NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27.

28. NAVOCEANO admits the allegations contained in the first sentence of paragraph 28.  NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28.

29. NAVOCEANO admits the allegations contained in the first sentence of paragraph 29.  NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29.

30. NAVOCEANO admits the allegations contained in the first sentence of paragraph 30.  NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30.

31. NAVOCEANO admits the allegations contained in the first sentence of paragraph 31.  NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31.

32. NAVOCEANO admits the allegations contained in the first sentence of paragraph 32.  NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32.

33. NAVOCEANO admits the allegations contained in the first sentence of paragraph 33.  NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33.

34. NAVOCEANO admits the allegations contained in the first sentence of paragraph 34.  NAVOCEANO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34.

35. NAVOCEANO admits the allegations contained in paragraph 35.

36. Paragraph 36 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 36.

37. Paragraph 37 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 37.

38. Paragraph 38 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 38.

39. Paragraph 39 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 39.

40. Paragraph 40 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 40.

41. Paragraph 41 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 41.

42. Paragraph 42 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required.

However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 42.

43. Paragraph 43 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 43.

44. Paragraph 44 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 44.

45. Paragraph 45 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 45.

46. Paragraph 46 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 46, except to admit that the "Point Paper" attached to the Complaint as Exhibit A speaks for itself.

47. Paragraph 47 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 47.

48. Paragraph 48 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 48.

49. Paragraph 49 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 49.

50. NAVOCEANO adopts by reference its defenses, admissions, denials, and other responses set forth hereinabove in response to paragraph 50.

51. Paragraph 51 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 51.

52. Paragraph 52 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 52.

53. Paragraph 53 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 53.

54. Paragraph 54 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 54.

55. Paragraph 55 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 55.

56. Paragraph 56 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 56.

57. Paragraph 57 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 57.

58. Paragraph 58 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 58.

59. Paragraph 59 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 59.

60. Paragraph 60 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 60.

61. NAVOCEANO adopts by reference its defenses, admissions, denials, and other responses set forth hereinabove in response to paragraph 61.

62. Paragraph 62 contains conclusions of law and Plaintiffs' characterization of their case; it does not contain averments of fact to which an answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies the statements contained in paragraph 62.

63. The last paragraph of the Complaint, appearing immediately under the heading "Prayer for Relief" and beginning with the words "WHEREFORE, Plaintiffs' seek" and including subparagraphs 1 through 7, constitutes Plaintiffs' request for relief to which no answer is required. However, in the event an answer is deemed to be required, NAVOCEANO denies that Plaintiffs are entitled to the relief requested in their "Prayer for Relief" or any other relief whatsoever. NAVOCEANO specifically denies that Plaintiffs are entitled to a declaratory judgment, injunctive relief, compensatory damages, liquidated damages, attorney's fees, costs, expenses, back pay, other benefits, or any other additional relief.

64. NAVOCEANO denies each and every allegation in the Complaint that has not been specifically admitted hereinabove.

And now, having fully answered the allegations and claims contained in Plaintiffs' Complaint, NAVOCEANO respectfully requests that Plaintiffs' Complaint against it be dismissed with prejudice and at the cost of Plaintiffs.

Date: July 3, 2014

Gregory K. Davis
United States Attorney

*s/Stephen R. Graben*
Stephen R. Graben
Assistant United States Attorney
1575 20th Avenue
Gulfport, Mississippi 39501
stephen.graben@usdoj.gov
(228) 563-1560 (voice)
(228) 563-1571 (facsimile)
Mississippi Bar No. 4931
Attorney for Naval Oceanographic
  Office

Of Counsel:

Tamiko N. Walker
Senior Trial Attorney
Naval Litigation Office
Office of the General Counsel
720 Kennon Street, SE
Building 36, Room 233
Washington, DC  20374

**Certificate of Service**

I hereby certify that on July 3, 2014, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

*s/Stephen R. Graben*
Stephen R. Graben
Assistant United States Attorney
